# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN L. BAILEY, | : | CIVIL NO. 4:15-CV-01099 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Schwab) |
| ANNABELL MILLER, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM
March 7, 2016

**I. Introduction.**

This matter comes before the Court on its own motion, pursuant to 28 U.S.C. § 1915(e)(1) ("§ 1915(e)(1)"), for consideration of whether it should request the appointment of *pro bono* counsel to represent the plaintiff, Kathleen L. Bailey ("Bailey"). For the reasons set forth below, the Court finds that, in this matter, the appointment of counsel is warranted.

**II. Background.**

On June 5, 2015, Bailey filed a *pro se* complaint against (1) the "Lycoming County Marriage License Office (Annabell Miller)" and (2) the "Union County Prothonotary (Linda Richards)," on the basis that each refused her requests to obtain a marriage license. *Doc. 1* at 1, 3. Bailey,

who is battling brain cancer, appears to be alleging that her requests were denied because she seeks to marry an inmate at the United States Penitentiary in Allenwood, Pennsylvania. *Id.* at 3. That same day, Bailey also filed an application (*doc. 2*) to proceed *in forma pauperis*, which this Court granted after determining that Bailey was indigent. *See doc. 5*.

Since then, motions to dismiss have been filed on behalf of both defendants. *See docs. 13*, *17*. Upon consideration of these motions, the Court has determined that Bailey's complaint involves complicated issues of both statutory interpretation and the fundamental right to marriage and finds, pursuant to § 1915(e)(1), that the appointment of *pro bono* counsel is warranted under the circumstances of this case.

**III. Discussion.**

It is well-settled that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Yet, § 1915(e)(1) provides that the court may request an attorney to represent an indigent litigant in a civil case. While the court has broad discretion to request an attorney to represent an indigent civil litigant, *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), it may not require an unwilling attorney to accept an appointment in a civil

case. Consistent with the case law of this Circuit, the Court will exercise its discretion to request the appointment of counsel for Bailey.

The Court begins by observing the following principle: "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel . . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." *Tabron*, 6 F.3d at 156. Taking her allegations as true, Bailey may have meritorious claims. *See Amos v. Higgins*, 996 F. Supp. 2d 810, 813 (W.D. Mo. 2014) ("No party has advanced a state interest sufficiently important to obligate individuals who are engaged to be married, but unable to travel to the recorder of deeds, to execute and sign a marriage license application in the presence of the recorder of deeds or deputy," and because "[t]he recorder of deeds could verify the identity of an incarcerated marriage license applicant through various means without requiring that applicant to sign the marriage license application in the recorder's physical presence," the "state statute [is] unconstitutional as applied to situations where an applicant for a marriage license is physically unable to appear in the presence of the recorder of deeds or their deputy due to incarceration[.]"). In addition to the arguable merit of Bailey's claims, the

Court also considers a number of other factors that are to be considered when determining whether to appoint counsel. *See Tabron*, 6 F.3d at 156-57. Those factors are as follows:

> (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which the factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his or her own behalf.

*Shipman v. Rochelle*, No. 3:11–1162, 2013 WL 1624290, at *1 (M.D. Pa. 2013) (quoting *Benchoff v. Yale*, No. 11–CV–1106, 2012 WL 4061218, at *3 (M.D. Pa. 2012)).

The Court finds that the legal issues in this case are quite complex, as they involve issues of both statutory interpretation and the fundamental right to marriage; Bailey's ability to present her own case and pursue any factual investigation in support thereof, assuming such factual investigation would be necessary, is undoubtedly impaired by her brain cancer; and finally, Bailey cannot afford counsel on her own behalf. While it is not yet known whether this case may turn on credibility determinations or the testimony of expert

4

witnesses, these factors, when coupled with the arguable merit of this case, weigh heavily in favor of the appointment of *pro bono* counsel for Bailey.

**IV. Conclusion.**

Thus, for all of the foregoing reasons, the Court will enter an appropriate order, requesting the appointment of *pro bono* counsel to represent Bailey, and staying the pending motions to dismiss, until such time as counsel has been appointed and entered an appearance on behalf of Bailey.

<u>*S/Susan E. Schwab*</u>
Susan E. Schwab
United States Magistrate Judge